# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>   Plaintiff,<br><br>  v.<br><br>WASCO STATE PRISON, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:01-CV-5192-REC-SMS-P<br><br>ORDER DENYING MOTION FOR LIMITED DISCOVERY AND ISSUANCE OF SUBPOENAS AS UNNECESSARY<br><br>(Doc. 107)<br><br>ORDER GRANTING FIRST REQUEST FOR EXTENSION OF TIME AND STRIKING SECOND REQUEST FOR EXTENSION OF TIME AS DUPLICATIVE<br><br>(Docs. 108 and 111)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OR FOR LEAVE TO AMEND<br><br>(Doc. 110) |

I. Order Addresses Plaintiff's Pending Motions

  Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act). This action is proceeding on plaintiff's second amended complaint, filed January 8, 2004, against defendants Bindell, Dobbs, Cheatham, Leong, Songer, Huertas, and Carbahall on plaintiff's Americans with Disabilities Act claim.[1] Pending before the court are plaintiff's motion for the

---

[1] Defendants Huertas and Carbahall have not yet been served.

opening of discovery and issuance of subpoenas, motions for an extension of time, and motion for reconsideration or for leave to amend. (Docs. 107, 108, 110, 111.)

### A. Motion Seeking Discovery re Unserved Defendants

On June 8, 2005, plaintiff filed a motion seeking an order opening discovery for the limited purpose of obtaining the first names of unserved defendants Huertas and Carbahall, and for the issuance of additional summonses. Defendants did not file a response.

Plaintiff's motion is unnecessary and shall be denied on that ground. The court will, in a separate order issued concurrently with this order, again direct the Marshal to initiate service on defendants Huertas and Carbahall and to seek the necessary assistance of the prison and CDC headquarters. The court and the Marshal have a statutory duty to service process on plaintiff's behalf, and the response given to the Marshal by CDC to date is insufficient to allow the court to discharge this duty on the ground that defendants cannot be located. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2). In the event that the Marshal is unsuccessful, the court will consider a motion by plaintiff for the issuance of a subpoena pursuant to Rule 45, should plaintiff choose to make such a request. Unless and until the court and the Marshal have exhausted their attempts to serve defendants, any motion by plaintiff for discovery relating to Huertas and Carbahall will be premature and will be denied on that ground.

### B. Motions for Extension of Time

On June 8, 2005, plaintiff filed a request for an extension of time to file an opposition to defendants Bindell, Dobbs, Cheatham, Leong, and Songer's ("defendants") pending motion to dismiss. Defendants did not file an opposition to the request. On July 5, 2005, plaintiff filed a second, duplicative request for an extension of time. Plaintiff's second request shall be stricken from the record as duplicative. Plaintiff's first request shall be granted.

### C. Motion for Reconsideration or for Leave to Amend

On April 6, 2005, the court issued an order directing the Clerk's Office to return plaintiff's proposed supplemental/amended complaint to plaintiff. On June 10, 2005, plaintiff filed a motion seeking reconsideration of the April 6 order or in the alternative, for leave to amend. Defendants did not file a response.

To succeed on a motion for reconsideration, a party generally must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Cf. Fed. R. Civ. Pro. 60 (governing motions for reconsideration of final orders and judgments); Local Rule 78-230(k) (governing motions for reconsideration of orders resolving motions). Plaintiff's mere disagreement with the order is not grounds for reconsideration. If *supplementation* of a pleading is sought, leave of court must *always* be sought via motion. Fed. R. Civ. P. 15(d). If *amendment* of the pleading is sought, amendment may not occur piecemeal. Local Rule 15-220. An amended pleading must be complete within itself without reference to other pleadings. Id. The court did not err in its order of April 6, 2005, and plaintiff's motion for reconsideration shall be denied.

With respect to plaintiff's motion seeking leave to *amend* in the alternative to reconsideration, plaintiff must submit a proposed amended pleading. Plaintiff's current motion was not accompanied by a proposed *amended* complaint.[2] The court will not consider granting a motion seeking leave to amend that is not accompanied by the proposed amended pleading. Plaintiff's motion to amend shall therefore be denied.

D.  Order

1. Plaintiff's motion seeking an order opening discovery for the limited purpose of obtaining the first names of unserved defendants Huertas and Carbahall, and for the issuance of additional summonses, filed June 8, 2005, is DENIED as unnecessary;
2. Plaintiff's second motion for an extension of time, filed July 5, 2005, is STRICKEN as duplicative;
3. Plaintiff's first motion for an extension of time, filed June 8, 2005, is GRANTED;
4. Plaintiff's opposition to defendants' motion to dismiss is due within **thirty (30) days** from the date of service of this order; and

///
///
///

---

[2] Plaintiff's proposed amended or supplemental pleading submitted on December 9, 2004, was returned to plaintiff. The court does not retain copies of such unfiled documents.

3

1     5.    Plaintiff's motion seeking reconsideration of the court's April 6, 2005, or in the alternative for leave to amend, filed June 10, 2005, is DENIED.

IT IS SO ORDERED.

**Dated:**   **July 8, 2005**             **/s/ Sandra M. Snyder**
icido3                                 UNITED STATES MAGISTRATE JUDGE