# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>WASCO STATE PRISON, et al.,<br><br>        Defendants. | CASE NO. 1:01-CV-5192-REC-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED, WITHOUT PREJUDICE<br><br>(Docs. 106 and 115) |

Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act). This action is proceeding on plaintiff's second amended complaint, filed January 8, 2004, against defendants Carbahall, Bindell, Huertas, Dobbs, Cheatham, Leong, and Songer. On May 20, 2005, pursuant to Federal Rule of Civil Procedure 12, defendants Bindell, Dobbs, Cheatham, Leong, and Songer filed a motion to dismiss on the grounds that plaintiff failed to request any relief and that as individuals, they are not liable under Title II of the ADA.[1]  Plaintiff filed an opposition on August 10, 2005.

There are several deficiencies that require denial of defendants' motion. First, defendants' motion is not properly noticed. Defendants move for dismissal pursuant to Rule 12 but defendants

///

---

[1] Defendant Huertas waived service and on September 6, 2005, filed a timely notice of joinder in the motion to dismiss. (Docs. 118, 120.)  The United States Marshal is still in the process of locating and serving defendant Carbahall.  (Doc. 113.)

1

do not identify which section(s) of Rule 12 provide for dismissal on the bases set forth in their motion and do not cite to any authority relating to the bases for dismissal.

Second, although Rule 8(a) provides that a pleading shall contain a demand for judgment for the relief sought, Fed. R. Civ. P. 8(a), Rule 54 provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed. R. Civ. P. 54(c). In light of Rule 54, defendants' conclusory assertion that plaintiff's complaint does not comply with Rule 8 is insufficient to persuade the court that plaintiff's second amended complaint must be dismissed. In addition, as set forth in the preceding paragraph, the precise legal basis for dismissal on this ground is not clear from the motion.

Third, the court finds defendants' argument that they are entitled to dismissal because they are not proper defendants in a Title II ADA action to be inadequately briefed. Defendants seek to have the court decide a specific issue that the Ninth Circuit has not yet weighed in on by merely citing to statutory language and two non-binding decisions that involved Title I of the ADA. The issue is more complicated and is worthy of more in-depth briefing than defendants' motion would suggest. Defendants' cursory treatment of this issue provides an insufficient basis for the court to grant their motion. It is the duty of defendants, not this court, to make the argument and adequately brief the issue.

For the foregoing reasons, the court shall recommend that defendants' motion to dismiss be denied, without prejudice. If defendants wish to re-raise these issues in a properly noticed motion with adequate briefing, they are not precluded from doing so.

Accordingly, it is HEREBY RECOMMENDED that defendants' motion to dismiss, filed May 20, 2005, be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 8, 2005**            /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE