1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  TIMOTHY BUFORD,                              CASE NO. 1:01-CV-5192-REC-SMS-P

10            Plaintiff,                         ORDER PROVIDING DEFENDANT
                                                CARBAHALL WITH OPPORTUNITY TO
11      v.                                      SHOW GOOD CAUSE FOR FAILING TO
                                                WAIVE SERVICE
12  WASCO STATE PRISON, et al.,
                                                (Doc. 138)
13            Defendants.
                                        /
14

15          On July 11, 2005, the Court ordered the United States Marshal to serve process upon

16  defendants Carbahall and Huertas in this case.  The Marshal was directed to attempt to secure a

17  waiver of service before attempting personal service on defendants.  If a waiver of service was not

18  returned by a defendant within sixty days, the Marshal was directed to effect personal service on the

19  defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and

20  28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of

21  any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in

22  effecting personal service.

23          On December 2, 2005, the United States Marshal filed a return of service with a

24  USM-285 form showing charges of $232.00 for effecting personal service on defendant Carbahall.

25  The form shows that a waiver of service form was mailed to defendant Carbahall on August 12,

26  2005, and that no response was received.  Defendant Carbahall did not make an appearance in the

27  case before personal service was executed.

28          Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as

follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

It appears that defendant Carbahall was given the opportunity required by Rule 4(d)(2) to waive service, but failed to comply with the request. The Court shall provide defendant with the opportunity to show good cause for failing to waive service. If defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on defendant.

Accordingly, IT IS HEREBY ORDERED that:

1.     Defendant Carbahall may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

2.     If defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon defendant Carbahall the costs incurred in effecting service.

IT IS SO ORDERED.

**Dated:     December 12, 2005**          **/s/ Sandra M. Snyder**
icido3                                          UNITED STATES MAGISTRATE JUDGE