# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>WASCO STATE PRISON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:01-CV-5192-REC-SMS-P<br><br>ORDER DENYING PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND TO ADD NEW CLAIM AND NEW DEFENDANT<br><br>(Doc. 135)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SCAN LODGED THIRD AMENDED COMPLAINT TO MAKE RECORD COMPLETE<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED UPON PLAINTIFF FOR ACTING IN BAD FAITH<br><br>(Doc. 135) |

I.    <u>Order on Motion to Amend and Order to Show Cause</u>

Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act). This action is proceeding on plaintiff's second amended complaint, filed January 8, 2004, against defendants Carbajal, Bindel, Huertas, Dobbs, Cheatham, Leong, and Songer ("defendants") on plaintiff's ADA claim. On November 14, 2005, plaintiff filed a motion seeking leave to amend to add a new claim and a new party, along with a proposed third amended complaint. Defendants did not file a response to the motion.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. Pro. 15(a). In this case, plaintiff has previously amended and a responsive pleading has been served. Therefore, plaintiff may not file a third amended complaint without leave of the court.

### A.   Addition of Deliberate Indifference Claim

Plaintiff seeks leave to amend to add a deliberate indifference claim. Deliberate indifference is not a legal claim or cause of action. Rather, it is the legal standard for claims brought for violation of the Eighth Amendment. The court has reviewed plaintiff's second amended complaint and proposed third amended complaint, and the events giving rise to plaintiff's claims are the same in both complaints. Plaintiff's Eighth Amendment claims as set forth in the second amended complaint were dismissed from this action on November 8, 2004, with prejudice. (Docs. 50, 55.) On February 5, 2005, plaintiff filed a motion seeking entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to dismissal of claims and defendants by the court on November 8, 2004. (Doc. 72.) Plaintiff's motion was denied on February 23, 2005. (Doc. 75.) On October 3, 2005, plaintiff sought clarification of the status of his dismissed claims, and attempted to persuade the court that the claims should have been dismissed without prejudice and his ability to fully and fairly litigate his claims was being hampered. (Doc. 124.) On November 2, 2005, the court granted plaintiff's motion for clarification, but rejected plaintiff's position that the court erred in dismissing his claims with prejudice. (Doc. 133.) The court also ordered that no further motions would be granted prior to the conclusion of this action with respect to the dismissed claims, including but not limited to motions for clarification or reconsideration. (Id.) Plaintiff then filed the instant motion seeking leave to amend, dated by plaintiff on November 9, 2005.

The court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of

1 London, 45 F.3d 288, 291 (9th Cir. 1995).  The court's "inherent power 'extends to a full range of
2 litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47).  However, in order
3 to sanction a litigant under the court's inherent powers, the court must make a specific finding of
4 "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994.  Although mere recklessness
5 is insufficient to support sanctions under the court's inherent powers, "recklessness when combined
6 with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient.
7 Id. at 993-94.  A litigant may be sanctioned for acting for an improper purpose, even if the act was
8 "a truthful statement or non-frivolous argument or objection." Id. at 992.  "[I]nherent powers must
9 be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

10  Plaintiff's Eighth Amendment claims were dismissed from this action with prejudice.  The record in this action amply demonstrates that not only is plaintiff aware of that fact but that plaintiff attempted more than once to seek one form of relief or another from the court with respect to the dismissal of the claims.  One week after plaintiff's latest attempt was rebuffed by the court, plaintiff served a motion seeking leave to amend to add a claim of deliberate indifference, arising out of the same fact pattern as that of the claims dismissed with prejudice.

16  The court can discern no good faith basis for the attempt to add this claim to the action, and plaintiff has set forth none in his motion.  The filing of the instant motion to amend appears to the court to be frivolous, abusive, and in bad faith.  As plaintiff has demonstrated in this action and in case number CV-F-00-6496-REC-SMS-P Buford v. Vang,[1] plaintiff is disinclined to accept the rulings of this court that do not go in his favor, even in the absence of a sound basis for challenging the orders.  Plaintiff repeatedly attempts to make end-runs around the orders of this court, and is willing to make misrepresentations or omit critical information in his effort to do so.  By this order, plaintiff is placed on notice that his motion seeking leave to amend to add a claim for deliberate indifference appears to constitute bad faith in light of the dismissal of his Eighth Amendment claim, with prejudice.  Plaintiff shall be provided with the opportunity to be heard and show cause why the

///

---

[1] The court takes judicial notice of the order to show cause why sanctions should not be imposed, filed on April 19, 2006, in Buford v. Vang.  (Doc. 198.)

3

court should not assess a monetary fine against plaintiff for acting in bad faith, payable to the court for the waste of its resources.

        B.        <u>Rehabilitation Act Claim</u>

Plaintiff is well aware that if he wishes to amend or supplement his pleading, he must file a motion which "state[s] with particularity the grounds therefor," Fed. R. Civ. P. 7(b)(1), and must submit a proposed amended or supplemental pleading with his motion, having been placed on notice via orders of the court in this action. (Docs. 93, 112, 122, 131.) In the instant motion, plaintiff states that he is seeking to add only the State of California as a defendant and a deliberate indifference claim. However, review of the proposed third amended complaint reveals that in addition to those changes, plaintiff included a new claim brought pursuant to the Rehabilitation Act (29 U. S. C. § 794). Given plaintiff's awareness of the requirement that he identify in his motion seeking leave to amend the claims and parties he proposes to add, the court can discern no justification for plaintiff's inclusion of a new claim not referenced in his motion. It appears to the court that this is another act of bad faith by plaintiff. Plaintiff shall be provided with the opportunity to be heard and show cause why the court should not assess a monetary fine against plaintiff for acting in bad faith, payable to the court for the waste of its resources.

        C.        <u>State of California as a Defendant</u>

Finally, construing plaintiff's motion and proposed third amended complaint liberally, plaintiff is seeking to add the State of California as a defendant to his ADA claim. However, the assertion of this claim against a new defendant is barred by the statute of limitations.

Federal law determines when a civil rights claim accrues. See <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996). California's statute of limitations for personal injury actions presumably applies to ADA claims. <u>Pickern V. Holiday Quality Foods Inc.</u>, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002); <u>Boyd v. Alameda County</u>, No. C 02-02461 SI, 2005 WL 2171870, *20 (N.D. Cal. 2005). At the time plaintiff's claim accrued, the statute of limitations was one year. Cal. Civ. Proc. Code § 340(3); <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the

statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and was entitled to application of the two year tolling provision. However, plaintiff was released from custody at some point between September 2001 and November 2001. (Docs. 13, 15, 16.) Plaintiff's release from custody terminated application of the tolling period and the one year statute of limitations began to run upon his release. <u>Boag v. Chief of Police</u>, 669 F.2d 587, 589 (9th Cir. 1982). Subsequent re-incarceration does not reinstate the tolling period. <u>Id</u>. Therefore, the one year statute of limitations began to run upon plaintiff's release from prison between September and November 2001, and plaintiff had until between September and November 2002 within which to add the State of California as a defendant to his ADA claim.[2] Plaintiff's motion to amend to add the state as a defendant shall be denied on the ground that the claim is barred by the statute of limitations.

D.   Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking leave to add a deliberate indifference claim and the State of California as a defendant, filed November 14, 2005, is HEREBY DENIED;

///

---

[2] The precise date the statute of limitations ran cannot be identified because the current record does not allow the court to determine what date plaintiff was released from prison. It is not necessary to pinpoint the exact date, however, because the statute of limitations ran long before plaintiff attempted to add the State of California as a defendant.

5

2. The Clerk's Office shall scan plaintiff's lodged proposed third amended complaint so that the court record is complete;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall show cause why he should not be sanctioned in the manner set forth in this order for the conduct set forth in this order;

4. Plaintiff's response to this order is limited to **ten (10) pages**, not including exhibits and plaintiff's declaration, if any;

5. If plaintiff's response brief is more than ten pages, not including exhibits and declarations, only the first ten pages will be read and considered;

6. Defendants have **thirty (30) days** from the date of service of plaintiff's response to this order within which to file their response, if any;

7. Defendants' response brief is also subject to a ten-page limit, not including exhibits and declarations, if any; and

8. There shall be no further responses to the order to show cause beyond those provided for in this order.

IT IS SO ORDERED.

**Dated:    April 20, 2006**                                        **/s/ Sandra M. Snyder**
icido3                                                   UNITED STATES MAGISTRATE JUDGE