1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

TIMOTHY BUFORD,                                    CASE NO. 1:01-CV-05192-AWI-SMS-P

10                          Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                                   RECOMMENDING MONETARY
11          v.                                     SANCTIONS IN THE AMOUNT OF $250.00
                                                   BE IMPOSED ON PLAINTIFF FOR ACTING
12    WASCO STATE PRISON, et al.,                  IN BAD FAITH BY FILING MOTION TO
                                                   AMEND
13                          Defendants.
                                                   (Doc. 147)
14    _____/

15
16

17    I.      Findings and Recommendations Recommending Plaintiff be Sanctioned

18            Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis

19    in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act).  This

20    action is proceeding on plaintiff's second amended complaint, filed January 8, 2004, against

21    defendants Carbajal, Bindel, Huertas, Dobbs, Cheatham, Leong, and Songer ("defendants") on

22    plaintiff's ADA claim.  (Doc. 55.)  On November 14, 2005, plaintiff filed a motion seeking leave

23    to amend to add the State of California as a defendant and a claim of "deliberate indifference." (Doc.

24    135.)  Defendants did not file a response.

25            On April 20, 2006, the court issued an order denying plaintiff's motion to amend and

26    ordering plaintiff to show cause why monetary sanctions payable to the court for the waste of its

27    resources should not be imposed against him for acting in bad faith in filing the motion. (Doc. 147.)

28    ///

1    Plaintiff filed a response on June 19, 2006.  (Doc. 159.)  Defendants were provided with the

2    opportunity to file a response but did not do so.

3         A.    Order Requiring Plaintiff to Show Cause

4         In denying plaintiff's motion seeking leave to amend and requiring plaintiff to show cause

5    why sanctions should not be imposed, the court stated as follows:

6         A.    Addition of Deliberate Indifference Claim

7         Plaintiff seeks leave to amend to add a deliberate indifference claim.  Deliberate
      indifference is not a legal claim or cause of action.  Rather, it is the legal standard for
8     claims brought for violation of the Eighth Amendment.  The court has reviewed
      plaintiff's second amended complaint and proposed third amended complaint, and
9     the events giving rise to plaintiff's claims are the same in both complaints.  Plaintiff's
      Eighth Amendment claims as set forth in the second amended complaint were
10    dismissed from this action on November 8, 2004, with prejudice. (Docs. 50, 55.) On
      February 5, 2005, plaintiff filed a motion seeking entry of final judgment pursuant
11    to Federal Rule of Civil Procedure 54(b) with respect to dismissal of claims and
      defendants by the court on November 8, 2004.  (Doc. 72.)  Plaintiff's motion was
12    denied on February 23, 2005.  (Doc. 75.)  On October 3, 2005, plaintiff sought
      clarification of the status of his dismissed claims, and attempted to persuade the court
13    that the claims should have been dismissed without prejudice and his ability to fully
      and fairly litigate his claims was being hampered.  (Doc. 124.)  On November 2,
14    2005, the court granted plaintiff's motion for clarification, but rejected plaintiff's
      position that the court erred in dismissing his claims with prejudice. (Doc. 133.) The
15    court also ordered that no further motions would be granted prior to the conclusion
      of this action with respect to the dismissed claims, including but not limited to
16    motions for clarification or reconsideration.  (Id.)  Plaintiff then filed the instant
      motion seeking leave to amend, dated by plaintiff on November 9, 2005.

17
      The court has inherent power to sanction parties or their attorneys for improper
18    conduct.  Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express,
      Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir.
19    2001).   The imposition of sanctions under the court's inherent authority is
      discretionary.  Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d
20    288, 291 (9th Cir. 1995).  The court's "inherent power 'extends to a full range of
      litigation abuses.'"  Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47).
21    However, in order to sanction a litigant under the court's inherent powers, the court
      must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink,
22    239 F.3d at 994.  Although mere recklessness is insufficient to support sanctions
      under the court's inherent powers, "recklessness when combined with an additional
23    factor such as frivolousness, harassment, or an improper purpose" is sufficient.  Id.
      at 993-94.  A litigant may be sanctioned for acting for an improper purpose, even if
24    the act was "a truthful statement or non-frivolous argument or objection." Id. at 992.
      "[I]nherent powers must be exercised with restraint and discretion." Chambers, 501
25    U.S. at 44.

26    Plaintiff's Eighth Amendment claims were dismissed from this action with prejudice.
      The record in this action amply demonstrates that not only is plaintiff aware of that
27    fact but that plaintiff attempted more than once to seek one form of relief or another
      from the court with respect to the dismissal of the claims.  One week after plaintiff's
28    latest attempt was rebuffed by the court, plaintiff served a motion seeking leave to

amend to add a claim of deliberate indifference, arising out of the same fact pattern as that of the claims dismissed with prejudice.

The court can discern no good faith basis for the attempt to add this claim to the action, and plaintiff has set forth none in his motion. The filing of the instant motion to amend appears to the court to be frivolous, abusive, and in bad faith. As plaintiff has demonstrated in this action and in case number CV-F-00-6496-REC-SMS-P <u>Buford v. Vang</u>,[1] plaintiff is disinclined to accept the rulings of this court that do not go in his favor, even in the absence of a sound basis for challenging the orders. Plaintiff repeatedly attempts to make end-runs around the orders of this court, and is willing to make misrepresentations or omit critical information in his effort to do so. By this order, plaintiff is placed on notice that his motion seeking leave to amend to add a claim for deliberate indifference appears to constitute bad faith in light of the dismissal of his Eighth Amendment claim, with prejudice. Plaintiff shall be provided with the opportunity to be heard and show cause why the court should not assess a monetary fine against plaintiff for acting in bad faith, payable to the court for the waste of its resources.

      B.    <u>Rehabilitation Act Claim</u>

Plaintiff is well aware that if he wishes to amend or supplement his pleading, he must file a motion which "state[s] with particularity the grounds therefor," Fed. R. Civ. P. 7(b)(1), and must submit a proposed amended or supplemental pleading with his motion, having been placed on notice via orders of the court in this action. (Docs. 93, 112, 122, 131.) In the instant motion, plaintiff states that he is seeking to add only the State of California as a defendant and a deliberate indifference claim. However, review of the proposed third amended complaint reveals that in addition to those changes, plaintiff included a new claim brought pursuant to the Rehabilitation Act (29 U. S. C. § 794). Given plaintiff's awareness of the requirement that he identify in his motion seeking leave to amend the claims and parties he proposes to add, the court can discern no justification for plaintiff's inclusion of a new claim not referenced in his motion. It appears to the court that this is another act of bad faith by plaintiff. Plaintiff shall be provided with the opportunity to be heard and show cause why the court should not assess a monetary fine against plaintiff for acting in bad faith, payable to the court for the waste of its resources.

(Doc. 147, Order to Show Cause, 2:8-4:16.)

      B.    <u>Plaintiff's Response to Order to Show Cause</u>

      1.    <u>Deliberate Indifference Claim</u>

In response to the order to show cause, plaintiff argues that certain wrongs can violate more than one constitutional right, and the deliberate indifference claim he sought to add was not one for violation of the Eighth Amendment. (Doc. 159, 2:7-14.) Plaintiff also argues that the claim of deliberate indifference fell within the purview of both the procedural and substantive components

---

[1] The court takes judicial notice of the order to show cause why sanctions should not be imposed, filed on April 19, 2006, in <u>Buford v. Vang</u>. (Doc. 198.)

1    of the Due Process Clause and the proper approach would have been to review those claims.  (Id.,

2    2:14-19.)

3           Although plaintiff is correct that the deliberate indifference standard is relevant to claims

4    other than for violation of the Eighth Amendment, see e.g., Duvall v. County of Kitsap, 260 F.3d

5    1124, 1138 (9th Cir. 2001) (discussing standard for damages in ADA actions), the meritoriousness

6    of plaintiff's position goes no further than that.  Even if the court were persuaded that plaintiff was

7    not attempting to make an end-run around the court's previous orders and instead believed he could

8    in good faith add this new claim, which the court is not, plaintiff's allegations of deliberate

9    indifference clearly and unequivocally fall within the purview of the Eighth Amendment.  There has

10   been no misinterpretation by the court of the basis for plaintiff's proposed claim.  As a convicted

11   prisoner, it is the Eighth Amendment which protects plaintiff from cruel and unusual punishments,

12   and it is the Eighth Amendment under which vindication is sought for conditions such as those

13   complained of by plaintiff in his proposed third amended complaint.  Plaintiff may not evade the

14   prior orders of this court and pursue a claim previously dismissed by omitting the term "Eighth

15   Amendment" and casting the claim as one for "deliberate indifference."  The allegations set forth

16   in the proposed third amended complaint are largely the same as those set forth in the second

17   amended complaint and the events giving rise to the proposed deliberate indifference claim are the

18   same as those set forth in the second amended complaint.  It is clear that the Eighth Amendment is

19   the correct legal claim for plaintiff's allegations of "deliberate indifference," despite plaintiff's

20   omission of the precise terminology and despite plaintiff's attempt to argue otherwise.

21          Plaintiff's assertion that the court should have reviewed his claim as one brought for violation

22   of the Due Process Clause is of no service to plaintiff.  Plaintiff alleged due process claims in

23   previous complaints. (Docs. 1, 31, 46.) Court orders screening those complaints found that plaintiff

24   had stated neither a procedural nor a substantive due process claim, and plaintiff's due process

25   claims were dismissed from this action with prejudice.  (Docs. 26, 34, 50, 55.)  Thus, citing to the

26   Due Process Clause as a basis and a justification for the new claim provides no protection because

27   it leaves plaintiff in the same position of attempting to add a claim or claims previously dismissed

28   with prejudice, in direct contravention of the court's orders.

4

1    Finally, plaintiff's remaining arguments can be best described as rehashing issues which were
2    resolved in prior orders and which plaintiff was specifically instructed would not be considered
3    further until the conclusion of this action.  (Doc. 159, Response, 2:19-5:1; Doc. 133, Order, 2:9-11.)
4    The court declines to address these arguments with any further specificity, as plaintiff may not at this
5    time reargue the merits of his Eighth Amendment claims or argue why the court erred in making the
6    conclusions it did in dismissing plaintiff's Eighth Amendment claims for failure to state a claim.
7    Suffice it to say, these arguments do not serve to show that plaintiff acted in good faith in bringing
8    the motion to amend to add a claim of deliberate indifference.  Rather, they again demonstrate
9    plaintiff's inability or unwillingness to accept rulings of this court and plaintiff's practice of
10   incessantly searching for loopholes to allow him to proceed as he sees fit.

11                  2.    RA Claim

12   With respect to adding a Rehabilitation Act claim to the proposed third amended complaint
13   but failing to acknowledge the addition of the claim in his motion to amend, plaintiff argues the
14   "inclusion of the State of California as a defendant was inadvertantly [sic] thought to automacitly
15   [sic] succeed a claim of the Rehabilitation Act claim by the Plaintiff thought to be analogous with
16   or inextricably linked to a state in violation of the (ADA) as in addition to the only way a state can
17   be sued absent immunity."  (Doc. 159, 1:24-2:5.)  The Court can make little sense of this response.

18   Although ADA and RA claims are often brought together and share similarities, they are
19   separate and distinct legal claims.  Plaintiff stated in his motion to amend that he was seeking leave
20   to add the State of California as a defendant and a claim of deliberate indifference.  Plaintiff then
21   added in his proposed third amended complaint a Rehabilitation Act claim, in addition to the claim
22   of deliberate indifference.  Plaintiff was on notice that he must identify in his motion to amend which
23   claims and/or parties he is seeking to add, and his proffered explanation for his failure to identify the
24   newly added Rehabilitation Act claim in his motion to amend is unpersuasive.

25         C.    Conclusion

26   On April 20, 2006, plaintiff was notified the court was considering sanctions against him for
27   acting in bad faith, notified of the basis for the sanctions and the type of sanctions, and provided with
28   the opportunity to be heard.  The court has considered plaintiff's response to its order to show cause

and finds that plaintiff has not set forth any good faith bases justifying his behavior.  Accordingly, the court shall recommend that plaintiff be sanctioned for acting in bad faith in the amount $250.00, payable to the court for wasting its resources.  The court is mindful that plaintiff is incarcerated and proceeding in forma pauperis.  Nevertheless, plaintiff may not continue to waste the resources of the court by acting in bad faith and count on his in forma pauperis status to shield him against the consequences of his behavior.  The court notes that although incarcerated and proceeding pro se, plaintiff is not an inexperienced litigator in this court.  To date, plaintiff has filed twenty-two actions in the Eastern District of California.[2]  Further, plaintiff's litigiousness and pursuit of claims lacking in merit has caused him to be subject to 28 U.S.C. § 1915(g), which precludes him from proceeding in forma pauperis in any civil action or appeal unless he is in "imminent danger of serious physical injury."[3]  The sanction amount assessed by the court takes plaintiff's status into consideration and plaintiff may be assured that the amount assessed would be greater if not for the fact he is incarcerated and proceeding in forma pauperis.

Accordingly, it is HEREBY RECOMMENDED that:

1.      Plaintiff be sanctioned in the amount of **$250.00** for acting in bad faith in filing the motion to amend on November 14, 2005;

2.      The monetary sanction be payable to the United States District Court for the Eastern District of California  and be remitted within **thirty (30) days**; and

3.      This action be dismissed if plaintiff fails to comply with the order and remit the monetary sanction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

[2] The court takes judicial notice of its docket reflecting the actions filed by plaintiff in this district.

[3] The court takes judicial notice of court documents 5 and 7 in case number 1:03-CV-6138-OWW-LJO (PC) Buford v. Ott.

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   September 13, 2006**          **/s/ Sandra M. Snyder**
icido3                                 UNITED STATES MAGISTRATE JUDGE