# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:01-cv-05192-AWI-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO REMIT THE MONETARY SANCTION OF $250.00<br><br>(Doc. 165) |

　　　　Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act). This action is proceeding on plaintiff's second amended complaint, filed January 8, 2004, against defendants Carbajal, Bindel, Huertas, Dobbs, Cheatham, Leong, and Songer ("defendants") on plaintiff's ADA claim. (Doc. 55.) On January 11, 2007, the Court issued an order assessing sanctions against plaintiff in the amount of $250.00 for acting in bad faith in filing the motion to amend on November 14, 2005. (Doc. 165.) The monetary sanction was to be paid to the Court within thirty days. (Id.) More than sixty days have passed and plaintiff has not complied with or otherwise responded to the Court's order.

　　　　Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

1

appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring plaintiff to remit the monetary sanction within thirty days expressly stated: "This action be dismissed if plaintiff fails to comply with the order and remit the monetary sanction." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order. In addition, it cannot

be overlooked that the sanction assessed against plaintiff was the result of plaintiff's bad faith action in this case.

Accordingly, this action is HEREBY DISMISSED, with prejudice, based on plaintiff's failure to pay the monetary sanction assessed against him on January 11, 2007.

IT IS SO ORDERED.

**Dated:   April 11, 2007**                     /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE