# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>            Plaintiff,<br><br>      v.<br><br>WASCO STATE PRISON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:01-cv-05192-AWI-SMS PC<br><br>ORDER GRANTING MOTIONS FOR RELIEF FROM JUDGMENT, AND RE-OPENING ACTION<br><br>(Docs. 170 and 171)<br><br>ORDER REFERRING ACTION BACK TO MAGISTRATE JUDGE FOR ISSUANCE OF SCHEDULING ORDER |

Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act). On April 12, 2007, this action was dismissed, with prejudice, based on plaintiff's failure to submit a $250.00 sanction within thirty days, assessed against plaintiff by the Court on January 11, 2007. On April 26, 2007, plaintiff filed a motion to set aside judgment and re-open this action, and a supplement to the motion on May 1, 2007.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

///

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin

Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff has submitted evidence that the jail at which he is incarcerated issued a check for $250.00 on April 13, 2007. The Clerk's Office has confirmed receipt of a check for $250.00 on April 17, 2007. In his motion, plaintiff sets forth the reasons why the check was late and why there was no extension of time filed in this case. Plaintiff has more than one case pending in this court and is responsible for including the correct case number on all his filings. Plaintiff's error in submitting a motion seeking an extension of time in the wrong case is not grounds to set aside judgment. However, in light of the fact that plaintiff has shown he was attempting to comply with the order and that plaintiff did in fact submit the sanction, the Court finds that there is justification for relieving plaintiff from judgment in this action.

Accordingly, plaintiff's motions to set aside judgment, filed April 26, 2007, and May 1, 2007, are HEREBY GRANTED, and this action is re-opened and referred back to the Magistrate Judge for issuance of a scheduling order.

IT IS SO ORDERED.

**Dated:   September 14, 2007**            /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE